UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60113-CIV-COHN/SELTZER

HAYES HEALTHCARE SERVICES,
LLC, a Florida Limited Liability
Company, HAYES MEDICAL
STAFFING LLC, a Florida Limited
Liability Company

        Plaintiffs,

v.

CHASE MEACHAM,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, DENYING DEFENDANT'S MOTION TO STRIKE, AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiffs' Verified Second Amended Complaint [DE 96] and Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 97] (the "Motions"). The Court has considered the Motions, Defendant's Response [DE 101], Plaintiffs' Reply [DE 105] and the record in this case, and is otherwise advised in the premises.

On April 15, 2019, Plaintiffs filed a Second Amended Complaint ("SAC"), naming a new defendant, Kenneth Schumacher. DE 84. On April 24, 2019, the Court ordered Plaintiffs to provide notice as to whether they obtained Defendant Chase Meacham's written consent to the amendment, as required by Federal Rule of Civil Procedure 15(a)(2). DE 95. The next day, Meacham moved to strike the SAC, stating that Plaintiffs never sought his written consent prior to filing the SAC. DE 96. Meacham

opposes the amendment on the ground that it was filed a month after the deadline for amended pleadings. He contends that allowing the late amendment would prejudice him by delaying the litigation and increasing his discovery costs.

On the same day Meacham moved to strike the SAC, Plaintiffs filed a Motion for Leave to File the SAC. DE 97. Plaintiffs assert that in the course of reviewing text messages and emails that Meacham was ordered by the Court to produce, Plaintiffs discovered that Meacham and another former Hayes Locums' employee, Schumacher, discussed starting a competing locums business in violation of their employment covenants. Id. Plaintiffs state that upon learning this new information, they filed the SAC "expeditiously and without delay," and in doing so inadvertently failed to ask Meacham for his written consent. Id. at 2. As Plaintiffs explain, they could not have possibly filed the SAC by the March 15, 2019 deadline for amended pleadings because Meacham did not disclose his conversations with Schumacher until April 10, 2019. Id. Thus, Plaintiffs argue that Meacham cannot claim prejudice when the late amendment was caused by his own delay in responding to discovery. Id.

Federal Rule of Civil Procedure 15(a)(2) provides that when a party seeks leave to amend a pleading, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court held that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

2

When a party seeks leave to amend a pleading after the deadline, however, the movant must also show "good cause" under Federal Rule of Civil Procedure 16(b).  See Sosa v. Air Print Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

To support his argument that Plaintiffs cannot show good cause under Rule 16(b), Meacham relies on Julian Depot Miami, LLC v. Home Depot U.S.A., Inc., No. 17-22475-CIV, 2018 WL 3404133 (S.D. Fla. July 12, 2018).  That case, however, is inapposite.  There, the plaintiff could not demonstrate good cause under Rule 16(b) because the new allegations in its amended complaint were based on facts the plaintiff could have timely discovered with due diligence.  Id. at *5.  Here, however, Plaintiffs' new allegations are based on text messages and emails between Meacham and Schumacher that Meacham did not disclose until well after the deadline for amended pleadings.  Thus, Plaintiffs' late amendment was not caused by a lack of due diligence.[1]

Meacham further contends that the amendment would unfairly prejudice him by increasing his discovery costs.  While the Court is not unsympathetic to Meacham's discovery burdens in this case, those concerns do not outweigh the interests of justice

---

[1] Meacham also argues that allowing the amendment will prejudice him by delaying this litigation.  Such delay was inevitable.  Following its entry of the preliminary injunction, the Court ordered a Joint Protocol for review of all of Meacham's electronic devices – consisting of over 14,000 electronic files in all.  It understandably took Meacham and his counsel significant time to review all these files, and ensuing discovery disputes necessitated judicial intervention.  Although the Court found that neither party delayed the review of Meacham's electronic files in bad faith, the fact remains that Meacham did not produce his emails and text messages implicating Schumacher until after the deadline for amended pleadings.  Thus, Plaintiffs cannot be faulted for the delay.

3

served by allowing Plaintiffs "an opportunity to test [their] claim on the merits" in this lawsuit.  Forman, 371 U.S. at 182.  As Plaintiffs point out, if leave is not granted, Plaintiffs would file a separate action against Schumacher based on the same set of facts at issue in this case.  DE 97 at 12.  Indeed, if Plaintiffs were to file a separate action against Schumacher, judicial economy would support consolidating the two actions.  Meacham argues that Plaintiffs' claims against Schumacher should be filed in a separate FLSA suit that Schumacher has pending against Plaintiffs.  But Plaintiffs' allegations against Schumacher are inseparably intertwined with the allegations against Meacham in this lawsuit; they concern Schumacher's and Meacham's intent to open a competing locums business in violation of their employment covenants.  Thus, Schumacher is properly joined as a defendant in this case.  In sum, Plaintiffs have demonstrated good cause for the amendment and for modifying the scheduling order in this case.

Finally, Meacham requests a hearing on the Motions "due to the complex nature of the production at issue."  DE 101 at 11.  The Court will deny that request, as it already heard arguments concerning the document production at issue here when it held a hearing on Plaintiffs' Motion to Compel on May 13, 2019.  DE 108.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike Plaintiffs' Verified Second Amended Complaint [DE 96] is **DENIED**.

2. Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 97] is **GRANTED**.

3.  In light of the new Complaint, Defendant's Motion to Dismiss [DE 78] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of June, 2019.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF